J-S44005-25                    2026 PA Super 156

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL ALLEN STARK :
:
Appellant : No. 1648 EDA 2025

Appeal from the Judgment of Sentence Entered September 9, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003952-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

CONCURRING STATEMENT BY SULLIVAN, J.:          **FILED JULY 22, 2026**

While I agree precedent compels the grant of a new trial to Michael Stark ("Stark") for the crimes against Matthew Branning ("Branning"), I write separately to emphasize the limited applicability of ***Commonwealth v. Walker***, 350 A.3d 54 (Pa. 2026), to the principal issues raised in a review of the trial court's decision to admit Stark's prior robberies under Pa.R.E. 404(b).

Initially, ***Walker*** addressed a specific issue: the "judicially-recognized exception to Rule 404(b) — when the other bad acts evidence demonstrates a defendant's common plan, scheme or design." ***Walker***, 350 A.3d at 62. Thus, ***Walker***'s abrogation of the "logical connection" or "sufficient similarities" tests to determine the admissibility of prior bad acts under the common plan, scheme or design exception must be read in light of the facts and issues presented in that decision. ***See id***. at 73 ("We conclude it is time to return to the origin of the common plan, scheme, or design exception, and limit the admission of other bad acts evidence to those cases involving a

common goal (*i.e.*, 'linked plan') or a signature crime.").[1]  Moreover, **Walker** did so in the context of the consolidation of cases and, by its own terms, did not address the use of other exceptions that could arise at subsequent trials. **See id**. at 76 n.17 ("we emphasize that the question before us concerns the (pretrial) consolidation of Walker's separate rape cases under the common plan, scheme, or design exception.  The admission of evidence to rebut a potential consent defense is not the question before us").

As to the remaining exceptions of motive, intent, and opportunity, **Walker**, for the reasons stated above, would not apply.  Nevertheless, I conclude that **Commonwealth v. Ross**, 57 A.3d 85 (Pa. Super. 2012) (*en banc*), is either dispositive or compelling authority for concluding relief is due on the admissibility of the Commonwealth's offer of Stark's prior bad acts. **See id**. at 101.[2]

For these reasons, I concur in result.

---

[1] Additionally, the lead opinion in **Walker** did not command a majority on certain points of its analysis of the common plan, scheme or design exception. For example, Justice Dougherty, in his concurrence in part, stated, "I likewise cannot join the majority's outright rejection of an unlinked plan theory in all circumstances."  **Walker**, 350 A.3d at 94.

[2] As to opportunity, neither the Commonwealth nor the trial court explained how or why that exception should apply, and, based on the circumstances of this appeal, it would not be proper for this Court to engage in an independent analysis of that exception.